IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01147-RPM

VANESSA BACON,

                    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant,
_____

MEMORANDUM OPINION AND ORDER
_____


        In this judicial review under 42 U.S.C. § 405(g) of the denial of her claim for

disability insurance benefits and Supplemental Security Income under the Social

Security Act, Vanessa Bacon contends that the administrative law judge (ALJ) erred in

failing to find that her impairments met or equaled Listing 12.05C and Listing 12.05D

for mental retardation, requiring that her application be granted at Step 3 of the

sequential evaluation.  In his decision of July 24, 2004, the ALJ determined that the

claimant had the residual functional capacity to perform past relevant work as a

"housekeeper/cleaner, a dining room attendant, a food service worker and a fast food

worker".  The Appeals Council rejected her appeal and the ALJ's decision became the

Commissioner's final decision.  Upon review of the administrative record this Court

finds and concludes that Vanessa Bacon met the requirements of Listing 12.05C

and therefore the denial decision must be reversed as a matter of law.

An applicant for disability benefits who demonstrates that her impairments meet or equals one of the listing of impairments published in 20 C.F.R. Part 404, Subpart P, Appendix I is entitled to benefits without further inquiry in the five step sequential evaluation.  Listing 12.05 reads as follows:

> *Mental Retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period: *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

"C" thereunder reads as follows:

> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

Ms. Bacon was born March 17, 1979, and was 25 years old at the time of the ALJ hearing on April 20, 2004.  She attended Platte Canyon High School in Bailey, Colorado, under an Individualized Education Program and was permitted to walk through graduation in 1997 but did not technically graduate from high school.  (R. 126) The records show that at age 16 she was functioning at the second grade level for math and third grade level for writing.  (R.134)  She was given special accommodations to do her school work.  (R.123)  She attended Red Rocks Community College, taking courses in pottery and computers but without completing any degree program.

The claimant's work history is confusing in that her testimony at the hearing was vague and inconsistent with her written submission and also that written submission

was different from the earnings history shown in the payroll tax records.  Those records show total earnings of $2250.22 from Arvada Assisted Living in 2001 and Ms. Bacon said she worked there as a waitress, setting and cleaning tables.  The record showed that she was paid from a Little Caesar restaurant in a K Mart Store, earning $1,073.91 in 1999 and she said that she made pizza but could not do the cash register.  In 1998 she earned $266 from Taco Bell.  She did housekeeping work at Life Care Center of Evergreen in 1997, earning $5,432.40.  Her last job was in 2002 at a Red Robin restaurant with gross earnings of $141.93.  She testified that she was fired because she could not understand the seating arrangements in the restaurant.

Ms. Bacon saw a psychiatrist, Dr. Gerald Chitters, for three sessions in April, 2003, and one in March, 2004.  Dr. Chitters completed a Mental Impairment Questionnaire based on those sessions, in the record at R. 210-228.  He diagnosed her as having dyslexia, bipolar disorder, attention deficit/hyperactivity disorder with marked functional limitation in difficulties in maintaining social functioning, marked functional limitation in deficiencies of concentration, persistence or pace and moderate functional limitations in repeated episodes of decompensation within a twelve-month period, each of at least two-week duration.  (R. 212) He opined that she would need to be absent from work for more than four days per month due to her impairments.

Ms. Bacon was in treatment with David Pasikov, M.A., a psychotherapist, upon referral from Dr. Chitters.  Mr. Pasikov provided treatment from August, 2003, to the time of the hearing in April, 2004.  He noted in a summary provided at R. 229 that there was no change in the area of her work life and relationship with money and recited that

in speaking with her mother, he learned that the claimant's mother provided employment for her but would have fired her if not for that relationship because she was unreliable on the job.

If Dr. Chitters' evaluations are correct, the claimant meets the Listing requirements both under Listing 12.5C and D but the ALJ rejected that opinion because "his assessment of the claimant's symptoms and disability appear to be based on her own recitation of her subjective complaints, rather than objective findings" (R. 25) and he does not meet the regulatory definition of a treatment source because he did not treat the claimant for sufficient time to establish a true patient-physician relationship. The ALJ also found Dr. Chitters' report of marked impairment in social functioning as contrary to the record showing that she is socially active, referring to her testimony that she liked to go "clubbing" and snowboarding with friends.

The ALJ chose to rely on consultive examinations by Brett Valette, Ph.D., a psychologist who saw Ms. Bacon one time in September, 2001, and Stuart Kutz, Jr., Ph.D., a clinical psychologist who saw her one time in March, 2003. They both found that she was functioning in the "borderline range of intellectual functioning" with a full-scale IQ score of 70 and that she could work at doing unskilled work in simple settings.

The ALJ's rejection of Dr. Chitters' evaluations for the stated reason that they were not based on "objective findings" was legal error. The Tenth Circuit Court of Appeals in *Robinson v. Barnhart,* 366 F.3d 1078 (10th Cir. 2004) noted at page 83 that a psychological opinion may rest on observed signs and symptoms with the

4

psychiatrist's observations constituting specific medical findings.  It is difficult to understand how limitations on cognitive functioning can be demonstrated objectively, recognizing that much psychological testing depends upon the person's ability to understand the test.   The IQ score of 70 is considered an objective test.  The second reason given by the ALJ fails to recognize that the claimant did not have the financial resources to retain the services of a psychiatrist and also fails to recognize that Dr. Chitters' evaluations were made one year apart.  Her condition in March, 2004, was not different from that shown in April, 2003.

The ALJ in his decision found that the claimant has "low intellectual functioning." The consultative psychologists found that she had "borderline intellectual functioning" which is defined as having an IQ within the range of 71-84 in the Diagnostic and Statistical Manual of Mental Disorders.  *See Hutsell v. Massanri,* 259 F.3d 707, 709 n3 (8th Cir. 2001).  The claimant's IQ is 70.

The Commissioner, in her brief, concedes that the ALJ erroneously found that the claimant did not have a severe impairment in addition to an IQ score of 70 or less. That is said to be a "harmless procedural error."  It is more than that.  It demonstrates a failure of the ALJ to evaluate properly the full impact of the other impairments that he found to be severe: "bipolar disorder, depression, low intellectual functioning and a history of attention deficit disorder and dyslexia."

After the ALJ's decision, the claimant, through her then counsel, submitted to the Appeals Council records from Children's Hospital (R. 246-261) which were not available to the ALJ .  Those records show that beginning at age 2, the claimant was

evaluated for delayed speech and language development and was provided speech and occupational therapy.  While the Appeals Council found that those records would not change the ALJ decision, that record in combination with the educational records demonstrate that the onset of Ms. Bacon's deficits and impairments was well before age 22 and therefore comes within the language of Listing 12.05.

Even if this Court were to find that the ALJ had articulated reasons to reject that much of Dr. Chitters' evaluation that her difficulties in maintaining social functioning, concentration, and episodes of decompensation, were insufficient to meet the requirements of Listing 12.05D, the record has unequivocally shown that she had an IQ of 70 with mental impairments imposing significant work-related limitation of function and therefore met the requirements of Listing 12.05C.  This woman's math skills were shown to be such that she could not do simple addition or subtraction and could not make change.  A fair evaluation of the records of her work history is that she has never had substantial employment for the reason that she does not have the ability to follow and comply with simple instructions for any job.

Upon the foregoing, it is

ORDERED that the decision is reversed and this matter is remanded for the purpose of awarding the claimant's benefits after reopening her prior application.

DATED: March 10th, 2006

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

6